UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GENEVIEVE SUAREZ, individually and on behalf
of all others similarly situated,

        Plaintiff,                                    **CLASS ACTION COMPLAINT**

vs.                                                    **JURY TRIAL DEMANDED**

THE GAP, INC.,

        Defendant.
-------------------------------------------------------------X

## I. INTRODUCTION

1. Plaintiff, Genevieve Suarez, individually and on behalf of all others similarly situated, alleges that Defendant, The Gap, Inc., violated her rights under the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 296(15).

## II. SUMMARY OF THE CLAIMS

2. This case challenges the flawed, overbroad and discriminatory criminal conviction screening policies and practices used by the Defendant, The Gap, Inc., to deny employment to otherwise qualified job applicants and hirees, like Plaintiff, throughout New York State.

3. As reflected by the NYSHRL, New York State understands that the ability to find and maintain employment is an essential aspect of the rehabilitation process for residents with criminal histories. Employment reduces recidivism and promotes the successful reintegration of criminal offenders into society.

4. To that end, New York State prohibits any employer from denying employment to an individual with a criminal conviction unless the employer first performs a thorough and individualized analysis of specific "Article 23-A" factors and properly determines, based on that

analysis, that the individual poses an unreasonable risk or was convicted of a crime that is directly related to the ability to perform the job sought.

5. The Gap, Inc.'s criminal history policies and practices do not comply with New York law.

6. The Gap, Inc. has instituted a flawed process for evaluating applicants' criminal histories that does not carefully weigh the Article 23-A factors as legally required, including upon information and belief, by using categorical bans on wide swaths of convictions before any individualized article 23-A analysis, and by failing to solicit relevant information from applicants before performing its analysis as required under the law.

7. Plaintiff brings this case on her own behalf, and on behalf of a proposed class of all others similarly situated, against The Gap, Inc., for violating their rights under the NYSHRL, N.Y. Exec. Law § 296(15), and article 23-A of the New York State Correction Law.

### III. STATUTORY BACKGROUND

8. "The public policy of [New York] state . . . [is] to encourage the licensure and employment of persons previously convicted of one or more criminal offenses." N.Y. Corr. Law § 753(1)(a).

9. When the Correction Law was enacted in 1976, both the Legislature and the Governor recognized the need to "reverse the long history of employment discrimination against" people with criminal records by "eliminating many of the obstacles to employment." Governor's Bill Jacket, 1976, Ch. 931, Memorandum of Senator Ralph J. Marino & Assemblyman Stanley Fink in Support of S. 4222-C and A. 5393-C.

10. Overbroad and/or arbitrary bans on hiring based on conviction histories undermine and violate the State's clearly articulated policy.

11. Further, such bans also result in discrimination on the basis of race, ethnicity, color and national origin because of racial and ethnic disparities in the criminal justice system.

12. New York State forbids employers from denying employment simply because a job applicant has a criminal record. Instead, employers must engage in an individualized evaluation of the factors set forth in Article 23-A of the Corrections Law.

13. Article 23-A specifically prohibits an employer from denying employment to any person because of a criminal conviction unless the employer can meet its burden of demonstrating one of two exceptions:

(1) there is a direct relationship between one or more of the previous criminal offenses and the specific . . . employment sought or held by the individual; or

(2) the issuance or continuation of . . . the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

N.Y. Correct. Law § 752.

14. Article 23-A further requires that before taking adverse action based on a prior criminal conviction, the employer must first consider all of the following factors:

(a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.

(b) The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.

(c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.

(d) The time which has elapsed since the occurrence of the criminal offense or offenses.

(e) The age of the person at the time of occurrence of the criminal offense or offenses.

(f) The seriousness of the offense or offenses.

(g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.

(h) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.

N.Y. Correct. Law § 753.

### IV. PARTIES

15. Plaintiff and the proposed class members she seeks to represent each is a "person" within the meaning of the NYSHRL.

16. Plaintiff and the proposed class members she seeks to represent were each denied employment by Defendant because of their criminal convictions in the absence of an individualized and thorough analysis of the Article 23-A factors.

17. Defendant The Gap, Inc. is a Delaware corporation with its principal place of business in California, and does business throughout New York state.

### III. JURISDICTION

18. This Court has jurisdiction over Plaintiffs' class claims pursuant to 28 U.S.C. § 1332(d) because this is a class action, Ms. Suarez and, upon information and belief, at least one class member, is a citizen of a state different from Defendant, and the amount in controversy of the class claims exceeds $5,000,000, exclusive of interest and costs.

18A. This Court has jurisdiction over Ms. Suarez's individual claims pursuant to 28 U.S.C. § 1332(a) because Ms. Suarez is a citizen of a state different from Defendant and the amount in controversy of her individual claims exceeds $75,000, exclusive of interest and costs.

## IV. PLAINTIFF SUAREZ'S FACTUAL AVERMENTS

20. On or about November 1, 2021, Plaintiff was hired by The Gap, Inc., as a full-time sorter at its warehouse/distribution center in Newburgh, New York.

21. Plaintiff's hourly rate of pay was $19.50 and, during the four weeks she worked, she typically worked between 10-20 hours of overtime per week.

22. Plaintiff was eligible for a range of employment benefits, including health benefits and a 401K plan.

23. On November 26, 2021, Plaintiff was verbally terminated because her "background check" made her "ineligible."

24. Defendant subsequently verified this in a written notice dated December 1, 2021, and Plaintiff received a copy of her background check, which was performed for Defendant by First Advantage.

25. The only negative record on Plaintiff's background check, and the basis of her termination by Defendant, was a 2017 conviction for Welfare Fraud in the 5th Degree, a misdemeanor. That charge had been brought in June 2015, more than six years before Plaintiff's employment with Defendant began.

26. Plaintiff's sentence for this misdemeanor conviction was payment of restitution and a one-year conditional discharge.

27. Plaintiff paid the restitution in full and never served any jail time.

28. Before terminating Plaintiff based on this petty offense, neither Defendant nor its agents ever inquired of her about the circumstances surrounding her conviction or her rehabilitation and good conduct since her conviction, including the fact that she made *complete restitution*.

29. Plaintiff's crime, misdemeanor welfare fraud, did not bear any direct relationship on her job with The Gap.

30. Moreover, had Defendant performed a thorough and individualized analysis of the Article 23-A factors, it could not possibly have concluded, reasonably and in good faith, that Plaintiff's conviction should have excluded her from her sorter position in the warehouse.

31. Upon information and belief, pursuant to Defendant's policies and practices, Plaintiff's conviction rendered her presumptively disqualified to work for Defendant, in violation of the NYSHRL and the Correction Law.

32. Plaintiff's termination has caused her significant lost pay and benefits, physical sickness, and emotional distress and loss of self-esteem.

33. In terminating Plaintiff based on her conviction, Defendant acted with reckless disregard for her civil rights.

## V.   CLASS ACTION ALLEGATIONS

34. Plaintiff brings this case as a proposed class action pursuant to Federal Rule of Civil Procedure ("Rule") 23 on behalf of herself and the class, which is comprised of all individuals who, during the applicable three-year statute of limitations period from the filing of this Complaint through judgment, were denied or terminated from employment positions with The Gap, Inc. in New York state based in whole or in part on their criminal convictions.

35. Plaintiff reserves the right to amend the definition of the class based on discovery or legal developments.

36. The Class Members as defined herein are so numerous that joinder of all members is impracticable. The precise number is uniquely within Defendant's possession. Class Members may

be notified of the pendency of this action by notice.

37. There are questions of law and fact common to all Class Members, and these questions predominate over any questions affecting only individual members. Common legal and factual questions include, among others, whether:

- (a) The Gap, Inc.'s criminal history policy and practice violates the NYSHRL, including because the company:

    - (I) Renders wide swaths of criminal convictions presumptively disqualifying without properly performing an Article 23-A analysis;

    - (ii) Improperly attaches too great a weight to certain Article 23-A factors to the detriment of others;

    - (iii) Refuses to affirmatively seek out information from an applicant and/or employee before performing an Article 23-A analysis;

    - (iv) Otherwise fails to perform a thorough and individualized Article 23-A analysis;

- (b) a declaratory judgment and/or injunctive relief is warranted regarding Defendant's policies and practices;

- (c) Compensatory, exemplary, nominal and/or punitive damages for Class Members are warranted.

38. Plaintiff is a member of the class she seeks to represent, in that she has a conviction that Defendant's policy and practice renders presumptively disqualifying, Defendant failed to affirmatively solicit information from Plaintiff before performing its Article 23-A analysis, and Defendant took adverse action against Plaintiff without proper consideration of the Article 23-A factors.

39. Plaintiff will fairly and adequately represent and protect the interests of Class Members because her interests coincide with the Class Members she seeks to represent. There is no conflict

between Plaintiff and the Class Members. Plaintiff has retained counsel who are competent and experienced in complex class actions, including litigation pertaining to criminal background checks, the NYSHRL, the Correction Law, and other employment law.

40. Class certification is appropriate under Rule 23(b)(2) and/or (c)(4) because Defendant has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole. The Class Members are entitled to declaratory and injunctive relief to end Defendant's common, uniform, and discriminatory policies and practices.

41. Class certification is also appropriate under Rule 23(b)(3) and/or (c)(4) because common questions of fact and law predominate over any questions affecting only individual Class Members. Class Members have been damaged and are entitled to recovery as a result of Defendant's uniform policies and practices. For example, upon and belief, Defendant has employed blanket exclusions for applicants with certain categories of criminal convictions, has uniformly instituted a policy to weigh certain Article 23-A factors over others, and has uniformly instituted a policy not to affirmatively solicit information from applicants relevant to the Article 23-A factors before performing the Article 23-A analysis. A class action also is superior to other available methods for the fair and efficient adjudication of this litigation.

## VI.  CAUSES OF ACTION

42. Plaintiff, on behalf of herself and the class, incorporates paragraphs 1-41 as if fully re-written herein.

43. Defendant denied employment to Plaintiff and the class based in whole or in part on their criminal convictions.

44. In so doing, Defendant violated the NYSHRL, N.Y. Executive Law § 296, including by failing to conduct a proper analysis of the Article 23-A factors.

45. As a result of Defendant's actions, Plaintiff and the Class have been deprived of their rights and have lost employment opportunities, earnings, and employment benefits, and have been subjected to personal devaluation and diminishment.

46. In addition to damages, Plaintiff and the Class seek injunctive and declaratory relief to correct Defendant's discriminatory and unlawful policies and practices

## VII.   **PRAYER FOR RELIEF**

47. WHEREFORE, Plaintiff and Class Members pray for relief as follows:

(a) A declaratory judgment that the practices complained of herein are unlawful and violate the NYSHRL;

(b) A preliminary and permanent injunction against Defendant and all officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

(c) An order that Defendant institute and carry out policies, practices, and programs that provide equal employment opportunities for applicants with criminal records who would be eligible for employment under proper application of Article 23-A, and that Defendant eradicate the effects of past and present unlawful employment practices;

(d) Certification of the case as a class action pursuant to Fed. R. Civ. P. 23(b)(2), (3) and/or (c)(4).

(e) Designation of Plaintiff as representative of Class Members;

(f) Designation of Plaintiff's counsel of record as Class Counsel;

(g) Restoration of Plaintiff and Class Members to their rightful positions with Defendant, or in lieu of reinstatement, awards of front pay;

(h) An award of backpay and compensatory damages;

(I) An award of nominal and/or exemplary damages;

(j) An award of punitive damages;

(k) An award of attorneys' fees and costs;

(l) Such other injunctive and/or declaratory relief as necessary to correct Defendant's discriminatory policies and practices;

(m) Pre-judgment and post-judgment interest, as provided by law;

(n) Payment of a reasonable service award to Plaintiff;

(o) All other legal and equitable relief as this Court deems necessary, just and proper.

Dated: New Paltz, NY
January 3, 2022

Respectfully submitted,

Christopher D. Watkins (CW 2240)
WATKINS LAW
5 Paradies Lane
New Paltz, NY 12561
(845) 419-2250
*Attorneys for Plaintiff and the Putative Class*